1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   MIKE KREIDLER, Insurance            NO. CIV. 2:12-1154 WBS KJN
     Commissioner for the State of
13   Washington and as Receiver for
     Cascade National Insurance          ORDER RE: COSTS
14   Company, in Liquidation,

15            Plaintiff,

16        v.

17   MAINSTAY BUSINESS SOLUTIONS, a
     federally-authorized division
18   of Blue Lake Rancheria
     Economic Development
19   Corporation,

20            Defendant.
     _____/
21

22                         ----oo0oo----

23          On June 26, 2012, the clerk filed an entry of default

24   judgment against defendant.  (Docket No. 13.)  Plaintiff has

25   submitted a cost bill totaling $925.00.  (Docket No. 12.)

26   Defendant did not object to plaintiff's bill of costs.

27          Rule 54(d)(1) of the Federal Rules of Civil Procedure

28   and Local Rule 292 govern the taxation of costs to losing

                                1

1  parties, which are generally subject to limits set under 28

2  U.S.C. § 1920.  <u>See</u> 28 U.S.C. § 1920 (enumerating taxable costs);

3  Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules,

4  or a court order provides otherwise, costs--other than attorney's

5  fees--should be allowed to the prevailing party."); E.D. Cal.

6  Local R. 292(f); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482

7  U.S. 437, 441 (1987) (limiting taxable costs to those enumerated

8  in § 1920).

9        The court exercises its discretion in determining

10  whether to allow certain costs.  <u>See</u> <u>Amarel v. Connell</u>, 102 F.3d

11  1494, 1523 (9th Cir. 1997) (holding that the district court has

12  discretion to determine what constitutes a taxable cost within

13  the meaning of § 1920); <u>Alflex Corp. v. Underwriters Labs., Inc.</u>,

14  914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has

15  the burden of overcoming the presumption in favor of awarding

16  costs to the prevailing party.  <u>See</u> <u>Russian River Watershed Prot.</u>

17  <u>Comm. v. City of Santa Rosa</u>, 142 F.3d 1136, 1144 (9th Cir. 1998)

18  (noting that the presumption "may only be overcome by pointing to

19  some impropriety on the part of the prevailing party"); <u>Amarel</u>,

20  102 F.3d at 1523; <u>see also</u> E.D. Local R. 54-292(d) ("If no

21  objection is filed, the Clerk shall proceed to tax and enter

22  costs.").

23        Plaintiff seeks $400.000 for "filing fees for pro hac

24  vice applications for Victoria Vreeland and Victor Torres."

25  (Docket No. 12.)  Neither Rule 54 nor 28 U.S.C. § 1920

26  specifically authorizes pro hac vice fees to be taxable as costs

27  and there is no consensus among federal courts as to whether such

28  fees are recoverable under § 1920.  Some courts have held that

2

1  such fees are not recoverable.  See, e.g., Knauff v. Dorel

2  Juvenile Grp., Inc., No. SA-08-CV-336-XR, 2010 WL 2545424, at *1-

3  2 (W.D. Tex. June 21, 2010); Gidding v. Anderson, No. C 07-04755

4  JSW, 2008 WL 5068524, at *2 (N.D. Cal. Nov. 24, 2008);

5  Competitive Techs. v. Fujitsu Ltd., No. Civ. A. 02-1673, 2006 WL

6  6338914 (N.D. Cal. Aug. 23, 2006); see also Beck v. Prupis, 162

7  F.3d 1090, 1100 (11th Cir. 1998) (holding without analysis that

8  district court did not abuse its discretion by denying taxation

9  of pro hac vice fees).  Some courts have allowed the recovery of

10  pro hac vice fees as fees of the clerk.  See, e.g., Craftsmen

11  La., Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009);

12  Semmaterials, L.P. v. Alliance Asphalt, Inc., No. CV 05-320-S-

13  LMB, 2007 WL 676675, at *3 (D. Idaho Mar. 1, 2007).

14         The court agrees with those courts that have held that

15  pro hac vice fees are not recoverable as costs.  They are an

16  expense that an attorney pays for the privilege of practicing law

17  in this court, and defendant should not be responsible for paying

18  these fees simply because plaintiff chose to be represented by

19  counsel who are not admitted to practice in this district.

20  Accordingly, the court will not allow the requested $400.00 for

21  pro hac vice fees to be taxed as costs.

22         After reviewing the bill of costs, and in light of the

23  fact that defendant has not objected, the court finds the

24  following costs to be reasonable:

25  Fees of the Clerk:                      $350.00

26  Fees for service of summons and subpoena:  $175.00

27  **Total**                                   **$525.00**

28  ///

3

1   Accordingly, costs of **$525.00** will be allowed.

2   IT IS SO ORDERED.

3   DATED:  July 6, 2012

4

5                                              WILLIAM B. SHUBB

6                                              UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28